IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Shane Miller, ) | Case No.: 5:22-cv-1860-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden of FCI Edgefield Satellite Camp, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 37.) Petitioner Michael Shane Miller ("Petitioner" or "Miller"), proceeding *pro se,* filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 action against respondent Warden of FCI Edgefield Satellite Camp ("Respondent" or "Warden") alleging the Bureau of Prisons (BOP) failed to properly apply his First Step Act time credits. (DE 1.)

On September 22, 2022, the Respondent filed a Motion for Summary Judgment, alleging Petitioner failed to exhaust administrative. (DE 26-1.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 27.) On September 28, 2022, the Court received a notification that a text order sent to Petitioner was returned as undeliverable with a note stating the inmate was no longer at that facility. (DE

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

29.)  That same day, the Clerk's office completed a search on the Federal Bureau of Prisons Inmate Locater and determined that Petitioner's new address was Michael Shane Miller, #27049-509, RRM Raleigh, Old NC 75 Highway, P.O. Box 7000, Butner, NC 27509.  The Clerk's office sent a name/address update form to Petitioner at this address.  On October 4, 2022, the Roseboro order was also returned to the court as undeliverable.  (DE 31.)

On November 3, 2022, the Court directed Petitioner to advise the Court whether he wished to continue with his case and further directed Petitioner to file a response to Respondent's Motion by December 5, 2022.  (DE 34.)  The Order was mailed to Plaintiff at both addresses the Court has on the docket, as well as the new address found on the Federal Bureau of Prisons Inmate Locator.  Petitioner failed to file a response.

The Report was issued on December 28, 2022, recommending dismissing this action with prejudice for failure to prosecute.  (DE 37.)  Petitioner has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 37) and incorporates it herein.

It is, therefore, **ORDERED** that Petitioner's case is dismissed with prejudice.  Further, it is **ORDERED** that Defendant's Motion for Summary Judgment (DE 26) is denied as moot.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 7, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3